IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cr-40004-JPG |
| | ) | |
| JEREMIAH N. GARRETT, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on defendant Jeremiah N. Garrett's *pro se* motion for

appointment of counsel and for a reduction of his criminal sentence pursuant to 18 U.S.C.

§ 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 37).

Garrett pled guilty to an indictment alleging two counts of distribution of crack cocaine.

At sentencing on June 9, 2011, the Court found by a preponderance of the evidence that Garrett's

relevant conduct was at least 28 grams but less than 112 grams of crack cocaine, which under

U.S.S.G. § 2D1.1[1] yielded a base offense level of 26.   However, the Court further found that

Garrett was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony

convictions, which raised his base offense level to 34.   His offense level was reduced by three

points under U.S.S.G. § 3E1.1(a) to 31 because Garrett timely demonstrated acceptance of

responsibility for his offense.   Considering Garrett's criminal history category of VI, established

by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 188 to 235

months in prison.   The Court imposed a sentence of 216 months for each count.   *See* 21 U.S.C.

§ 841(b)(1)(C).   Garrett now asks the Court to apply amendments to U.S.S.G. § 2D1.1 to lower

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 2010 U.S.S.G. including emergency Amendment 748, which became effective November 1, 2010.

his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009)**.**

The Court does not have subject matter jurisdiction to consider Garrett's reduction request because he cannot satisfy the first criterion. Garrett was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Pursuant to emergency authority granted in § 8 of the Fair Sentencing Act of 2010, Pub. L. 111-220, the Sentencing Commission promulgated emergency Amendment 748 to amend U.S.S.G. § 2D1.1(c) as of November 1, 2010, to lower some base offense levels associated with various amounts of crack cocaine. The reductions were repromulgated without change under non-emergency authority in Amendment 750, which became effective November 1, 2011. However, Garrett's June 9, 2011, sentence was

calculated using Amendment 748 and already reflects the reductions implemented by Amendments 748 and 750.   Thus, his sentencing range has not "subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).

Because Garrett cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request.   *See Lawrence*, 535 F.3d at 637-38; *Forman*, 553 F.3d at 588.   The Court therefore **DISMISSES** his motion for a sentence reduction for **lack of jurisdiction** and **DENIES as moot** his motion for appointment of counsel (Doc. 37).

**IT IS SO ORDERED.**
**DATED:   July 31, 2013**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**