UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JEREMIAH N. GARRETT,

    Defendant.

Case No. 11-cr-40004-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendant's *pro se* motion for appointment of counsel and for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 52). The Court construes the motion for a sentence reduction as pursuant to 18 U.S.C. § 3582(c)(1)(B).

As a preliminary matter, the Court will deny the defendant's request for appointment of counsel. The Criminal Justice Act, 18 U.S.C. 3006A, does not permit such appointments. *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013). The Court now turns to the merits of the defendant's request for a reduction.

The defendant pled guilty to two counts of distributing crack cocaine in September 2010. In June 2011, the Court sentenced him to serve 216 months on each count, to run concurrently. The Court imposed this sentence in accordance with the sentencing amendments made by the Fair Sentencing Act, which had become effective August 3, 2010.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1]

---

[1] Section 404 of the First Step Act provides in full:

    (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for

Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—lowered the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. However, the First Step Act prohibits the Court from entertaining a motion to reduce a sentence where the Court had previously imposed that sentence in accordance with the amendments made by §§ 2 and 3 of the Fair Sentencing Act. First Step Act § 404(c).

The Court cannot entertain the defendant's motion because it previously imposed the defendant's sentence in accordance with the amendments made by the Fair Sentencing Act, which were already effective at the time he was sentenced in June 2011. Thus, he has already received the benefit of the Fair Sentencing Act's statutory sentencing range changes. For this reason, the Court must dismiss the defendant's motion for a sentence reduction based on the First Step Act's retroactive

---

which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

application of the Fair Sentencing Act.

For the foregoing reasons, the Court **DENIES** the defendant's motion for appointment of counsel and **DISMISSES** the defendant's motion for a sentence reduction (Doc. 52).

**IT IS SO ORDERED.**
**DATED:   March 26, 2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
