UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>JEREMIAH N. GARRETT,<br><br>      Defendant. | Case No. 11-cr-40004-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant's second *pro se* motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 54). The defendant previously filed a similar motion (Doc. 52), which the Court dismissed because the Court had already considered the Fair Sentencing Act when it sentenced him (Doc. 53). The Court construes the defendant's current motion as seeking reconsideration of that ruling following the decision of the United States Court of Appeals for the Seventh Circuit in *United States v. Shaw*, 957 F.3d 734 (7th Cir. 2020).

In its prior ruling, the Court recounted the relevant history of the defendant's case. In March 2011, he pled guilty to two counts of distributing crack cocaine in September 2010. In June 2011, the Court sentenced him to serve 216 months on each count, to run concurrently. The Court imposed this sentence in accordance with the sentencing amendments made by § 2 of the Fair Sentencing Act, which had become effective August 3, 2010. Because it had already imposed the defendant's sentence in accordance with the Fair Sentencing Act, the Court was prohibited from entertaining his motion for a reduction. First Step Act § 404(c).

Nothing in *Shaw* changes the Court's prior conclusion. In *Shaw*, the Court of Appeals held that a defendant's eligibility for a reduction under § 404 of the First Step Act depends on whether the

Fair Sentencing Act changed the punishment provision applicable to the statute of conviction as charged in the indictment without reference to relevant conduct.  *Shaw*, 957 F.3d at 739 ("The defendants' offenses are 'covered offenses' under the plain language of the First Step Act because the Fair Sentencing Act modified the penalties for crack offenses as a whole, not for individual violations.").  *Shaw* did not dispense with the requirement that the Court must not have already applied the Fair Sentencing Act to the defendant.  First Step Act § 404(c).  Nor did *Shaw* change the requirements that the offense have occurred before August 3, 2010, and that the Fair Sentencing Act have modified the statutory sentencing range, First Step Act § 404(a), neither of which occurred in the defendant's case.

Because *Shaw* did not change the Court's previous analysis, the Court **DENIES** the defendant's motion to reconsider that ruling (Doc. 54).

**IT IS SO ORDERED.**
**DATED:   June 10, 2020**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**